## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STATE FARM FIRE and CASUALTY COMPANY, a/s/o BRIAN MACRAE | : : : : | Civil Action No. 5:15-CV-650 (FJS/ATB) |
| v. | : : : | **NOTICE OF REMOVAL** |
| FLUIDMASTER, INC., | : : : | |
| | : : : : | |

     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Fluidmaster, Inc., hereby files this Notice of Removal from the Supreme Court of New York, Onondaga County, to the United States District Court for the Northern District of New York. The grounds for removal are as follows:

### THE REMOVED CASE

     1.    The removed case is a civil action filed on April 23, 2015, in the Supreme Court of New York, Onondaga County, Index No. 2015 EF 1844, and captioned *State Farm Fire and Casualty Company a/s/o Brian Macrae v. Fluidmaster, Inc.* (*See* Exhibit A, Complaint.)

     2.    This is a claim for alleged damages arising from water damage caused by the failure of a flexible supply line at the property owned by State Farm Fire and Casualty Company's insured, Brian Macrae. (*See* Ex. A, ¶¶ 9-12.) State Farm asserts negligence and strict product liability claim against Fluidmaster Inc.

**PAPERS FROM REMOVED ACTION**

3.      As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders and other papers or exhibits filed in the state court.

**REMOVAL IS PROPER IN THIS CASE**

**A.      Removal is Timely and the Amount in Controversy Exceeds $75,000.**

4.      Plaintiff commenced this action on or about April 23, 2015.  Fluidmaster, Inc. accepted and received service of the Complaint on or about April 28, 2015.  Removal is timely because it is made within 30 days of the defendant having received the Summons and Complaint.

5.      Further, based on the allegations in the Complaint the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).  (See Ex. A, ¶22.)

6.      Therefore, based on the damages alleged in the Complaint the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

**B.      There Is Complete Diversity Among The Parties.**

7.      The Complaint alleges that Plaintiff State Farm Fire and Casualty Company is a foreign corporation licensed to do business in the State of New York.  (*See* Ex. A ¶ 1.)

8.      Fluidmaster, Inc., is a California corporation with its principal place of business in California and, thus, is a citizen of California for purposes of determining diversity.  (*See* Ex. A, ¶ 4.)

9.    Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

**C.    Venue And Other Requirements Are Satisfied.**

10.    The United States District Court for the Northern District of New York, includes the county in which the Action is now pending.  Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

11.    Pursuant to 28 U.S.C. § 1446(d), Fluidmaster, Inc. is filing a written notice of this removal with the Supreme Court of New York, Onondaga County.  A Notice of Removal to Adverse Party, together with copies of this Notice of Removal and Notice of Filing Notice of Removal are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

12.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon defendant Fluidmaster, Inc. are attached as Exhibit A.

**WHEREFORE**, defendant Fluidmaster, Inc. hereby removes the above-captioned action from the Supreme Court of New York, Onondaga County, and requests that further proceedings be conducted in this Court as provided by law.

Dated: May 27, 2015

Respectfully submitted,

By: *s/ Renée A. Gallagher*
          Renée A. Gallagher
          **McCARTER & ENGLISH LLP**
          245 Park Avenue 27th Floor
          New York, NY 10167
          212-609-6808
          rgallagher@mccarter.com
          *Attorneys for Defendant Fluidmaster, Inc.*

3