5:15-CV-650 (FJS/ATB)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Onondaga

---------------------------------------------------------------x

State Farm Fire & Casualty Company a/s/o
Brian Macrae

                     Plaintiff/Petitioner,

    - against -                              Index No. 2015 EF 1844

Fluidmaster, Inc.

                     Defendant/Respondent.

---------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by the filing of the accompanying documents with the County Clerk via the New York State Courts Electronic Filing System ("NYSCEF"), is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

Counsel and/or parties must either: 1) immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a user ID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:

1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and

2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

Dated: 4/23/15

_____ (Signature)       575 Jericho Tpke., Suite 210 (Address)

Stuart D. Markowitz (Name)       Jericho, NY 11753

Law Offices of Stuart D. Ma (Firm Name)       516-935-3500 (Phone)

To: Fluidmaster, Inc.       smarkowitz@markowitz-law.( (E-Mail)

3/30/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-------------------------------------------------------------------X
STATE FARM FIRE & CASUALTY COMPANY
a/s/o BRIAN MACRAE,

                          Plaintiff,

         -against-

FLUIDMASTER, INC.,

                          Defendant.
-------------------------------------------------------------------X

Index No.: 2015 EF 1844
Date Purchased 4/23/15
**Plaintiff designates**
Onondaga County
The place of trial

**SUMMONS**

**Basis of Venue**
CPLR §509

**TO THE ABOVE NAMED DEFENDANT:**

     **YOU ARE HEREBY SUMMONED**, to answer the Verified Complaint in this action and to serve a copy of the answer, or, if the Verified Complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated:      Jericho, New York
              February 6, 2015

                                                Yours, etc.

                                                LAW OFFICES OF
                                                STUART D. MARKOWITZ, P.C.

                                                STUART D. MARKOWITZ, ESQ.
                                                Attorneys for Plaintiff
                                                575 Jericho Turnpike, Suite 210
                                                Jericho, New York 11753
                                                (516) 935-3500

**DEFENDANT'S ADDRESS:**

FLUIDMASTER, INC.
30800 Rancho Viejo Rd.
San Juan Capistrano, CA 92675

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-------------------------------------------------------------X
STATE FARM FIRE & CASUALTY COMPANY
a/s/o BRIAN MACRAE,

                              Plaintiff,    **VERIFIED COMPLAINT**

    -against-

FLUIDMASTER, INC.,

                              Defendant.
-------------------------------------------------------------X

    Plaintiff, STATE FARM FIRE & CASUALTY COMPANY a/s/o BRIAN MACRAE, by its attorneys, LAW OFFICES OF STUART D. MARKOWITZ, P.C., as and for its Verified Complaint, alleges upon information and belief as follows:

    1. That at all times hereinafter mentioned, plaintiff STATE FARM FIRE & CASUALTY COMPANY (hereinafter referred to as "STATE FARM") was and still is a foreign corporation, licensed to do business in the State of New York.

    2. That at all times hereinafter mentioned, plaintiff STATE FARM, was and still is an insurance corporation duly authorized to transact the business of insurance and to issue homeowner's insurance policies in the State of New York.

    3. That at all times hereinafter mentioned, plaintiff's Subrogor, BRIAN MACRAE (hereinafter referred to as "MACRAE" and/or "Subrogor"), was and still is a resident of the State of New York, County of Onondaga, and is the owner of the residential premises located at 7811 Karakul Lane, Fayeteville, New York.

    4. That upon information and belief, at all times hereinafter mentioned, defendant FLUIDMASTER, INC. (hereinafter referred to as "FLUIDMASTER'), was and is a foreign

corporation duly licensed to conduct business in the State of New York, with a principal place of business in California.

5. That upon information and belief, at all times hereinafter mentioned, defendant FLUIDMASTER was and is a foreign corporation transacting business in the State of New York.

6. That upon information and belief, at all times hereinafter mentioned, defendant FLUIDMASTER did and does solicit business within the State of New York.

7. That upon information and belief, at all times hereinafter mentioned, defendant FLUIDMASTER derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. That upon information and belief, at all times hereinafter mentioned, defendant FLUIDMASTER reasonably should have expected its acts and business activities to have consequences within the State of New York.

## FACTS

9. Prior to June 6, 2014, in the course of plaintiff's business, plaintiff STATE FARM issued an insurance policy to MACRAE insuring him against certain property damage and related expenses to his real property and other personal property located at 7811 Karakul Lane, Fayetteville, New York.

10. Prior to June 6, 2014, defendant FLUIDMASTER designed, manufactured, built, tested, distributed, delivered, sold, repaired, serviced and/or inspected a flexible supply line, and its component parts and appurtenances, which was owned and used by MACRAE.

11. Prior to June 6, 2014, defendant FLUIDMASTER sold and distributed said flexible supply line to wholesale and retail establishments for its sale and distribution in the State of New York.

2

12. On or about June 6, 2014, the aforesaid flexible supply line failed, causing water to discharge, causing substantial water damage to Subrogor's property.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT FLUIDMASTER

13. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "12" inclusive of plaintiff's Complaint, with the same force and effect as though fully set forth herein at length.

14. That the aforementioned incident which occurred on or about June 6, 2014 was the direct and proximate result of the negligence of defendant FLUIDMASTER, its agents, servants and/or employees, in the design, manufacture, building, testing, distribution, sale, and delivery of the aforementioned flexible supply line, which this defendant knew or should have known was unreasonably dangerous, defective, and without adequate warning of the dangers and defects associated with the flexible supply line.

15. That defendant FLUIDMASTER breached a duty to MACRAE by negligently, carelessly and improperly designing, manufacturing, building, testing, selling, delivering, and failing to warn of the dangers, risks and defects associated with the flexible supply line.

16. That the insufficiencies, inadequacies and/or defects which rendered the flexible supply line unfit for its intended purpose were unknown to MACRAE at the time of purchase, delivery, and/or operation.

17. That the insufficiencies, inadequacies, and/or defects which rendered the flexible supply line unfit for its intended purpose were not discoverable by reasonable inspection by MACRAE.

18. As a result, MACRAE was caused to sustain property damages that occurred due to a failure in the flexible supply line.

19. That plaintiff STATE FARM reserves the right to plead Res Ipsa Loquitur at the time of trial.

20. That solely as a result of the negligence of defendant FLUIDMASTER, plaintiff STATE FARM, pursuant to the provisions of its insurance policy, paid to Subrogor, BRIAN MACRAE, the sum of at least $103,668.42, for property damages, and other related expenses.

21. That by virtue of said payment, and in accordance with the provision contained in its insurance policy, plaintiff STATE FARM became subrogated to all the rights of MACRAE to recover against defendant FLUIDMASTER for any and all sums of money paid under said policy.

22. That as a result of the foregoing, plaintiff STATE FARM has been damaged in the sum of at least $103,668.42, no part of which has been paid, despite due demand therefor.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT FLUIDMASTER**

23. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "22" inclusive of plaintiff's Complaint, with the same force and effect as though fully set forth herein at length.

24. That at the time and place of the sale and distribution of the flexible supply line, defendant FLUIDMASTER expressly and by implication warranted that the flexible supply line was of merchantable quality and was safe for the use for which it was intended.

25. That MACRAE relied upon the skill and judgment of defendant FLUIDMASTER in the manufacturing, building, designing, testing, selling, delivering, distributing and/or inspecting of said flexible supply line.

26. At all times hereinafter mentioned, it was foreseeable that MACRAE would rely on said warranty in the acquisition, purchase and use of the flexible supply line.

27. At all times hereinafter mentioned, the flexible supply line was not suitable or safe for such use and was defective and dangerous for use in the manner herein above mentioned, of which fact defendant FLUIDMASTER failed to make MACRAE aware.

28. That as a direct and proximate result of the foregoing breach of warranty, defendant FLUIDMASTER is liable to plaintiff STATE FARM in the sum of at least $103,668.42, no part of which has been paid despite due demand therefor.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT FLUIDMASTER

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "28" inclusive of plaintiff's Complaint, with the same force d effect as though fully set forth herein at length.

30. That defendant FLUIDMASTER, in the sale and distribution of said flexible supply line, placed upon the market a product in a defective and unreasonably dangerous condition, which was not fit for its intended use.

31. At all times hereinafter mentioned, the supply line being used in a manner reasonably foreseeable by defendant FLUIDMASTER.

32. That as a direct and proximate result of defendant FLUIDMASTER's negligence, defendant FLUIDMASTER is strictly liable in tort to plaintiff STATE FARM in the sum of at least $103,668.42, no part of which has been paid despite due demand therefor.

WHEREFORE, plaintiff STATE FARM FIRE & CASUALTY COMPANY a/s/o BRIAN MACRAE, demands judgment in its favor and against defendant, FLUIDMASTER, INC., in the amount of at least $103,668.42, together with interest thereon from June 6, 2014, including the costs and disbursements of this action.

5

Dated: Jericho, New York
       January 6, 2015

Yours, etc.,

LAW OFFICES OF
STUART D. MARKOWITZ, P.C.

By: STUART D. MARKOWITZ, ESQ.
Attorneys for Plaintiff
575 Jericho Turnpike, Suite 210
Jericho, New York 11753
(516) 935-3500

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-------------------------------------------------------------X
STATE FARM FIRE & CASUALTY COMPANY
a/s/o BRIAN MACRAE,

                          Plaintiff,

      -against-                             **ATTORNEY VERIFICATION**

FLUIDMASTER, INC.,

                          Defendant.
-------------------------------------------------------------X

      STUART D. MARKOWITZ, ESQ., being an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties for perjury, hereby affirms as follows:

      1. Affirmant is the attorney for plaintiff STATE FARM FIRE & CASUALTY COMPANY a/s/o BRIAN MACRAE, in the within action.

      2. Affirmant is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in our office.

      3. Affirmant has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof and the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

      4. That affirmant's belief as to those matters therein not stated upon knowledge are based upon the correspondence, reports, statements, records and communications had with the plaintiff with regards to this action and which information is contained in the file maintained in our office.

      5. That the reason I make this affirmation instead of plaintiff's subrogors is because this is a subrogation action and plaintiff is a foreign corporation.

      6. I affirm that the foregoing statements are true under the penalties of perjury.

Dated:     Jericho, New York
             February 6, 2015

                                                  STUART D. MARKOWITZ